UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE VERNON LALONE,

    Applicant,

v.                                            CASE NO. 8:25-cv-1396-SDM-LSG

STATE OF FLORIDA,

    Respondent.
_____/

**<u>ORDER</u>**

Lalone, a pre-trial detainee in the Sarasota County jail, applies under 28 U.S.C. § 2241 for the writ of habeas corpus. (Doc. 1) Under Section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Instead of challenging the constitutionality of his pre-trial detention, Lalone challenges the state court's ordering a competency determination because he invoked his right to proceed *pro se*. The essence of the request is for this district court to intervene in a pending state criminal proceeding or review the state court's rulings.

Generally, the "abstention doctrine" bars federal intervention in an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*,

401 U.S. 37, 45 (1971).  The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . .  A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
> . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008)* ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").  Lalone presents no compelling reason for this federal court to intervene in the state court proceedings.

Additionally, the "*Rooker-Feldman* doctrine" precludes a district court's directly reviewing a state court's ruling.  *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998), explains that a federal district court has no supervisory or appellate jurisdiction over a state court:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust*

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

>   *Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006) (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Lalone and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lalone is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA,

Lalone must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he cannot proceed under Section 2241, Lalone is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Lalone must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on June 6, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE